**C. Ed HAMMERS, Petitioner,**

**v.**

**CAMEL MANUFACTURING COMPANY,
Respondent.**

Supreme Court of Tennessee.

Nov. 12, 1974.

Francis W. Headman, Knoxville, for petitioner.

William W. Davis, Knoxville, for respondent.

OPINION

HARBISON, Justice.

Petitioner, C. Ed Hammers, was employed by respondent on March 15, 1971 at an agreed salary of $18,000.00 per year. At the time of the employment, however, it was agreed that he would receive $16,-000.00 of his salary in cash and $2,000.00 per year in common stock of the corporation. Petitioner worked for respondent for slightly more than one year and then voluntarily terminated his contract to accept other employment. The parties were unable to reach an agreement as to the amount or kind of stock to be issued to petitioner, and this litigation resulted. The Chancellor allowed petitioner a money judgment based on the price at which common stock of the respondent was traded on the anniversary date of the employment of petitioner. The Court of Appeals reversed and dismissed.

After reviewing the record in this cause, the Court is of the opinion that the analysis of the evidence and the conclusions reached by the Court of Appeals in its opinion, released December 11, 1973, are correct. The Court of Appeals, however, was in error in dismissing the action.

It is clear that the petitioner, C. Ed Hammers, is entitled to receive from the respondent some additional compensation over and above the amount which has been paid to him, under the employment contract which he had. His employment agreement provided that he was to receive $2000.00 worth of common stock of the corporation over and above his monthly salary. The controversy between the parties centered upon the issue of whether this stock was to be unrestricted stock, sold on the over-the-counter market, sometimes referred to in the record as "registered" stock, or whether it was to be restricted

or "lettered" stock. We agree with the Court of Appeals that the conduct of the parties reflects an intention on their part that the stock was to be restricted for a period of two years from and after its issuance. It was due to have been issued in March, 1972, so that the two-year restriction would have expired by the passage of time in March 1974.

The stock was never issued, although apparently the petitioner could have had it at any time following the anniversary date of his employment, which date would have been March 15, 1972. Applying the principle that equity regards that as done which ought to be done, it is the opinion of this Court that the cause should be remanded to the Chancery Court with directions to enter an order that the respondent will forthwith issue to the petitioner 400 shares of its common stock, without restriction, since the restriction which should have been placed on the stock initially has now expired. Respondent will have 30 days within which to comply with this order, and, since we are now directing that the petitioner be issued unlettered stock, respondent will, if necessary, purchase unrestricted stock in the market or otherwise make available to petitioner unrestricted stock. Should the petitioner no longer desire to have the shares, and if he so notifies the Chancellor, then, in our opinion, judgment should be rendered against the respondent for the value of 400 shares of the common stock as of March 15, 1974, the date on which restrictions on sale would have expired.

In our opinion the costs of this cause, including costs of the trial court, should be borne equally by the parties. It is so ordered.

FONES, C. J., and HENRY and BROCK, JJ., concur.

COOPER, J., not participating.